# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RICHARD SAVIGNAC,**

        Plaintiff,

    -vs-                                                  Case No. 12-C-967

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social Security Administration,**

        Defendant.

## DECISION AND ORDER

The defendant filed a motion to remand for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. The Court agrees with both parties that the matter should be assigned to a different Administrative Law Judge to consider in more detail Mr. Savignac's limits in concentration, persistence or pace.

The Court also agrees with Mr. Savignac that the ALJ should be instructed as follows:

1. Evaluate whether Dr. Doenier's treating physician opinion is entitled to controlling weight pursuant to 20 C.F.R. § 404.1527; and, if the ALJ does not give Dr. Doenier's opinion controlling weight, the ALJ must weight the opinion pursuant to the checklist of factors set forth in the regulation. SSR 96-2p. The ALJ will pay particular attention to Dr. Doenier's opinions concerning plaintiff's difficulty looking up and looking down and turning the head, due to cervical spine issues; and to manipulative limits set forth

---

[1] On February 14, 2013, Carolyn Colvin became Acting Commissioner of Social Security. Pursuant to the Social Security Act and the Federal Rules of Civil Procedure, Carolyn Colvin is automatically substituted as Defendant-Appellee in this suit.

by the doctor, given the EMG evidence of bilateral mononeuropathies consistent with carpal tunnel syndrome;

2. Consider the impact of the combination of plaintiff's physical and mental impairments when assessing both plaintiff's credibility and his residual functional capacity;

3. Evaluate whether plaintiff's spinal condition meets or equals Listing 1.04;

4. Reevaluate plaintiff's cognitive impairment and the impact, if any, of substance use on this impairment;

5. Evaluate the evidence of plaintiff's migraine headaches and determine the functional impact of these migraines on plaintiff's ability to sustain full-time work activity; and

6. Reevaluate plaintiff's determination and then, given all of the above, reevaluate plaintiff's RFC—based on the findings concerning the weight given to Dr. Doenier's opinion, plaintiff's cognitive impairment, the combination of physical and mental impairments, and plaintiff's credibility.

Therefore, the Commissioner's motion [ECF No. 16] is **GRANTED**. The denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2013.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**